# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DORIS DRURY, TERRY
KOCHNIARCZYK,**

                    **Plaintiffs,**

**-vs-**                                           **Case No.  6:08-cv-152-Orl-28DAB**

**COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE INSURANCE
SERVICES, INC. and BALBOA
INSURANCE COMPANY,**

                    **Defendants.**

_____

## ORDER AND NOTICE OF HEARING

       This cause came on for consideration at the Preliminary Pretrial Conference, and oral

argument was had on the following motions filed herein:

---

**MOTION:**     **MOTION TO BIFURCATE DISCOVERY (Doc. No. 16)**

**FILED:**         **April 15, 2008**

_____

**THEREON** it is **ORDERED** that the motion is **DENIED**.

---

       This is a putative class action lawsuit arising from Defendants' allegedly wrongful placement

of lender-purchased insurance policies in connection with loans for residential real estate.  In the

current motion, Defendants seek to bifurcate discovery, to allow a quick resolution as to whether these

Plaintiffs have standing to bring the claim.  Defendants contend that they are entitled to prevail against

*these* Plaintiffs on the merits, but to date have not filed any dispositive motion. The Court sees no

reason why bifurcation is necessary in order for Defendants to gather whatever information it deems

needed to bring a dispositive motion, and therefore the motion is **denied.**

Defendants contend, correctly, that standing is a threshold inquiry. *See Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) ("[A]ny analysis of class certification must begin with the issue of standing.")  Defendants assert that they are entitled to judgment as a matter of law because Plaintiffs failed to maintain required insurance or to provide evidence of the required insurance, and thus, have no standing to bring this action.  Defendants, however, have confused "standing to bring a claim" with likelihood of success on the claim.   Such is not the case, as the Eleventh Circuit recently clarified in a putative class action suit against insurers for underpayment:

> . . .[W]e conclude that the district court erred in determining that preconditions in the Policy required the Millses to complete repair or replacement of their damaged property and to submit such a replacement cost claim in order to have standing and be entitled to recover the Withheld Payments.
>
> The district court also erred in treating these particular insurance coverage issues under the Policy as standing issues. The complaint alleges that the Millses had a mobile home, that Foremost issued an insurance policy covering hurricane damage to the mobile home, that a hurricane damaged the Millses' mobile home, that the Millses made a claim under the Policy for those damages, and that Foremost paid less on the claim than the Millses contend they are owed. Thus, the Millses clearly had standing to sue for damages under the Policy. *See Wooden v. Bd. of Regents*, 247 F.3d 1262, 1273-74 (11th Cir.2001) (stating that standing is essentially a determination of "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues," and requires that a plaintiff have suffered a concrete, particularized injury that is caused by the challenged action of the defendant and can be redressed by a favorable court decision).
>
> Whether the Withheld Payments were covered by the Policy is an issue of whether the Millses' complaint fails to state a claim for relief under the Policy-not a standing issue. Whether the Millses' complaint pled sufficient facts is likewise a failure-to-state-a-claim issue. We thus reject Foremost's standing arguments as to the Millses' individual claims against Foremost on this basis as well.

*Mills v. Foremost Ins. Co.,*  511 F.3d 1300, 1306-7 (11th Cir. 2008).

Here, there is no allegation that Plaintiffs cannot state a cause of action; rather, Defendants contend that Plaintiffs are not entitled to relief, based on their interpretation of the documents.  This is not a "standing" issue – this is a merits issue.   Nor is the Court persuaded by Defendants' reliance

on *Telfair v. First Union Mortgage Corp.,* 216 F.3d 1333 (11th Cir. 2000). That case stands for the fairly innocuous proposition that a district court has discretion to consider the merits on a motion for summary judgment before turning to class certification. Here, however, there is no motion for summary judgment pending. As it stands, there is nothing to prevent Defendants from proceeding with whatever discovery they seek and to file whatever dispositive motion they feel appropriate. At the same time, as Plaintiffs have alleged a class action cause of action, there is no compelling reason to depart from the usual course and prevent Plaintiffs from engaging in class-related discovery at this point. Bifurcation in these circumstances serves no point but to further delay the case. The motion is **denied.**

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE DEMAND FOR JURY TRIAL** (Doc. No. 13) |
| **FILED:** | **February 21, 2008** |

**THEREON** it is **ORDERED** that the motion is **DEFERRED.** To the extent Plaintiffs wish to supplement the motion with evidence to support their position, they shall have until **May 16, 2008** to file affidavits.

As discussed at conference, the parties will adhere to the following schedule:

| | |
|---|---|
| Plaintiffs' Motion to Compel Discovery | filed no later than Friday, May 9, 2008 |
| Response to Motion to Compel | filed no later than Wednesday, May 14, 2008 |

**TAKE NOTICE** that the Court will hold a **Discovery Conference** on **Friday, May 16, 2008 at 10:00 a.m.**, before the undersigned in Courtroom #6D. For the guidance of the parties, the Court presently contemplates that Plaintiffs be allowed to take three seven-hour depositions pertaining to class certification issues, and that the motion for certification will be filed in June. **The parties are advised that prior to the conference, they are to confer in good faith regarding all matters**

-3-

**relating to the contemplated class discovery, as required by the federal and local rules, in an effort to resolve or reduce any disputes pertaining to scheduling, production of documents, or other discovery issues.**  The Court will not hesitate to impose sanctions on any party or counsel it finds to have inappropriately hampered or obstructed the orderly flow of discovery.

**DONE** and **ORDERED** in Orlando, Florida on May 7, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record