UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DORIS DRURY and TERRY KOCHNIARCZYK,** on behalf of themselves, and those similarly situated,

   Plaintiffs,

vs.               **CASE NO: 6:08-cv-152-ORL-28 DAB**

**COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE INSURANCE SERVICES, INC.**, and **BALBOA INSURANCE COMPANY**,

   Defendants,
_____/

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rules of Civil Procedure 15 and 21, Plaintiffs respectfully move this Court for leave to amend their complaint as follows:

   1.  Plaintiffs seek to add an additional Defendant, Newport Management Corporation, disclosed in Defendants' Rule 26 disclosures as the company responsible for insurance tracking services which apparently is actively involved and participating in the unfair and deceptive trade practices with Defendants, Countrywide Home Loans ("CHL") and Balboa Insurance Company ("Balboa") in connection with the force-placement of lender placed policies on Plaintiffs' and Class Members' properties.

   2.  Plaintiffs also seek to amend and expand their allegations and add claims to cover the broader unlawful acts, breaches of duty, and unfair and deceptive misconduct engaged in by Defendants against Plaintiffs and Class Members in connection with the force-

placement of lender placed insurance policies on Plaintiffs' and Class Members' Florida properties. Through discussions with defense counsel, initial disclosures, very preliminary document disclosure, and based on the formal position statements made by the Defendants to date, Plaintiffs have learned of and discovered facts and information supporting these expanded allegations and claims of unlawful, unfair, and deceptive misconduct by Defendants. A copy of the proposed Amended Complaint is attached hereto as Ex. 1.

3,   Additional amendments may be necessary to drop or add additional parties once Plaintiffs are advised and it is verified by Defendants whether Countrywide Insurance Services, Inc. was the agent involved in the issuance of the Plaintiffs' lender placed policy and/or whether some other entity was the agent involved in the issuance of lender placed insurance on Plaintiffs' and Class Members' properties. Plaintiffs also reserve the right to amend should Defendants seek the dismissal of Plaintiffs' Amended Complaint once filed or otherwise permitted by law in the interest of justice. However, Plaintiffs present this motion at this time so that the Court might have for its consideration the proposed Amended Complaint for purposes of establishing a schedule and determining matters relating to the scope of discovery on class and merits issues. Some matters regarding discovery are scheduled to be considered at a hearing on May 16, 2008 and should be viewed in light of the Amended Complaint.

4.   As set forth below in its 3.01(g) certification, Plaintiffs' counsel provided a copy of the Amended Complaint to Defendants' counsel on May 15, 2008 at 11.18 a.m. Defendants oppose the filing of an amended complaint and will not consent thereto.

### HISTORY OF PROCEEDINGS

5.   Plaintiffs filed their Complaint in the Circuit Court for the Seventh Judicial Circuit in and for Volusia County on December 21, 2007. Service was complete on all

Defendants by December 31, 2007. As is permitted under Florida Rules of Civil Procedure in state court actions, Plaintiffs served written discovery on each of the Defendants with the original complaint or separately by January 14, 2008. Defendants' original answer was due on or before January 20, 2008. Defendants requested a thirty (30) day extension of time to file their response. Defendants filed an Agreed Motion for Extension of Time to respond to the complaint on or before February 21, 2008.

6. On January 30, 2008, Defendants filed a Notice of Removal to the United States District Court, Middle District of Florida, Orlando Division. Thereafter on February 13, 2008, Defendants objected to responding to Plaintiffs' discovery requests as premature citing Local Rule 3.05(c)(2)(B) which permits parties to proceed with discovery only after the case management conference, thereby relying on the removal of the case to delay Defendants' obligation to respond to Plaintiffs' discovery. Defendants thereafter served an Answer to the Complaint on or about February 21, 2008.

7. Plaintiffs and Defendants conducted an in-person case management conference as required on March 11, 2008, reviving Plaintiffs' previously served written discovery. The parties jointly prepared the Case Management Report that was filed on March 26, 2008, reflecting the parties' disagreement on all matters concerning the timing and scope of discovery. Defendants' counsel thereafter requested and obtained an additional brief extension of time to respond to Plaintiffs' discovery citing serious health issues of a family member. On April 17, 2008, this Court entered an order setting a Preliminary Pre-trial and Scheduling Conference for May 7, 2007.

8. On April 15, 2008, Defendant filed a Motion to Bifurcate Discovery asking this Court to stay all class discovery until merits discovery was complete on Plaintiffs' individual

claims and summary judgment motions decided. On the same day, Defendants served its objections and responses to Plaintiffs discovery refusing to provide any discovery on class certification issues and agreeing to produce only documents from Defendants relating to the named Plaintiffs. Plaintiffs filed their opposition to Defendants' Motion to Bifurcate on April 29, 2008 and began preparing Motions to Compel class discovery.

9. Between April 18, 2008 and May 7, 2008, Defendants made repeated promises to complete the production of documents relating to the named Plaintiffs' individual claims, but failed to do so prior to the Preliminary Pre-trial and Scheduling conference. At the May 7, 2008 scheduling conference, the Court indicated its intention to deny Defendants' Motion to Bifurcate and instructed the parties to agree upon a schedule and how to proceed with class and merits discovery. The parties met and conferred and agreed upon a proposed discovery schedule, however, the parties could not agree upon any matter relating to class discovery. Thereafter, on May 7, 2008 this Court entered an Order denying Defendants' Motion to Bifurcate, setting a Discovery Conference for May 16, 2008, and imposed the following deadlines on the parties:

    **(a)** **Plaintiffs' Motion to Compel Discovery: filed no later than Friday, May 9, 2008;** and

    **(b)** **Response to Motion to Compel: filed no later than Wednesday, May 14, 2008.**

10. The Order [25] also required the parties **"to meet and confer in good faith regarding all matters related to the contemplated class discovery as required by the federal and local rules, in an effort to resolve any disputes pertaining to scheduling, production of documents, or other discovery issues."** Prior to departing the scheduling conference on May 7,

2008, the parties agreed to meet and confer over the written discovery on May 8, 2008 at 3:30 p.m. to permit Plaintiffs to meet the deadline for filing the Motions to Compel discovery.

11.     During discussions between counsel during the May 7, 2008 scheduling conference, and the May 8, 2008 3.01(g) discovery conference, it became evident that Defendants were reading and interpreting Plaintiffs' Complaint very narrowly and only in accord with Defendants' own interpretation of the rights and obligations of CHL, CIS, and Balboa under Defendants' interpretation of the mortgage agreement.  Defendants continued to refuse permit Plaintiffs to pursue class discovery supporting their theory of the case concerning the Defendants' misconduct – arguing in large part that Plaintiffs' pleading was inadequate to support the discovery Plaintiffs sought.  On May 9, 2008, Defendants called and indicated an intent, subject to client approval, to agree to provide some very narrow responses to Plaintiffs' class discovery limited to the number of force placed policies issued in the state of Florida and some general policies and procedures relating to the issuance of such policies.

12.     Plaintiffs do not agree with Defendants' reading or interpretation of Plaintiffs' allegations.  However, in order to avoid the on-going and obstructionist debate and appropriately incorporate further matters learned by Plaintiffs since the filing of the Complaint including the need to join Newport Management Corporation, Plaintiffs now seek leave to file an Amended Complaint under Federal Rules of Civil Procedure 15 and 21 as set forth above.

## MEMORANDUM

**I.      Rule 15 Amendment of the Complaint**

Federal Rule of Civil Procedure 15 states that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  Federal Rule of Civil Procedure 15(a) provided that a party may amend its pleadings by leave of court or by written

5

consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Id.* at 1163 (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is not reason for refusing to allow a plaintiff to amend a complaint.

"[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Airlines, Inc*., 868 F.2d 401, 406 (11th Cir. 1999). The Eleventh Circuit noted the following with respect to Rule 15(a):

> The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.* 713 F.2d 618 (11th Cir. 1993). However, "'[d]iscretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussuoy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 597 (5th Cir. 1991). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus,

6

> "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id*. at 598.

Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1994).

"District Courts have only limited discretion to deny a party leave to amend the pleading. Thus, the court is constrained to allow a plaintiff leave to amend unless there are substantial contravailing reasons." *Grayson v. Kmart Corp*., 79 F.3d 1096, 1110 (11th Cir. 1996) (citing *Espey*, 734 F.2d at 748 and *Dussouy*, 660 F.2d at 594). In determining whether to grant leave to amend, the court may consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and the futility of the amendment. *Id*.

In the case *sub judice*, there are no reasons to deny Plaintiffs' Motion for Leave to Amend the Complaint. Plaintiffs have engendered no undue delay in amending the Complaint. This case was filed on December 21, 2007, and subsequently removed, which afforded Defendants the opportunity to delay the beginning of discovery. The Defendants filed their Answer on February 21, 2008, but opposed all class discoveries agreeing only to provide documents related to the named Plaintiffs. Even those documents were not produced until May 9, 2009. Through discussions with defense counsel, initial disclosures, very preliminary document disclosure, and based on the formal position statements made by the Defendants to date, Plaintiffs have learned of and discovered facts and information supporting expanded allegations and claims of unlawful, unfair, and deceptive misconduct by Defendants.

Plaintiffs do not seek leave to amend for any dilatory purpose and still seek to continue to pursue class discovery at this time. Notably, many of the disputes relating to the scope of class discovery are based on Defendants' unwarrantedly narrow view of the existing Complaint.

7

Though Plaintiffs do not agree that the scope of the complaint is so limited and maintain their Motions to Compel should be granted, Plaintiffs' amendment may further aide the Court and the parties in understanding Plaintiffs' and Class Members' claims concerning Defendants' unlawful, deceptive, unfair, and improper force-placement of lender placed insurance on Plaintiffs' and Class Members' properties and the proper scope of discovery.

Nor is Plaintiffs' Motion for Leave to Amend made in bad faith. To the contrary, it is intended in good faith to clarify the issues and claims presented, to add appropriate claims, and to add a Defendant disclosed by Defendants as having directly and materially participated in the force-placement of the lender placed insurance on Plaintiffs' and Class Members' Florida properties.

Finally, amendment of the complaint is not futile and does not arise from the prior dismissal of claims. To the contrary, Defendant tacitly recognized that Plaintiffs' complaint stated claims against each of them and Answered the Complaint as opposed to seeking its dismissal. The Amended Complaint simply seeks to broaden and clarify those claims and add additional claims based upon Plaintiffs' better understanding of the conduct of the Defendants since the filing of the original complaint, which conduct was not discovered or discoverable by Plaintiffs independently prior to commencement of the litigation.

Justice and the orderly conduct of this litigation show that Plaintiffs should be permitted leave to amend at this early time in the litigation so that the case may proceed to a determination on class issues and to a proper merits determination based upon expanded claims and allegations concerning Defendants' misconduct.

## II.     Rule 15 and 21 to Add or Drop Parties

"Under Rule 15, Fed.R.Civ.P., parties may be added or dropped when an amendment is made to a complaint as a matter of course. *See* McLellan v. Mississippi Power & Light Co., 526 F.2d 870 (5th Cir.1976), modified on other grounds, 545 F.2d 919 (5th Cir.1977). "Under Rule 21, Fed.R.Civ.P., "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The text of Rule 21 does not indicate that it is the only mechanism for dropping or adding parties to a lawsuit. The McLellan court pointed out that Rule 15 "sets forth a particular means by which a party attempts to add or drop parties-by amendment to his pleadings-as opposed to Rule 21 's more general treatment of the overall subject matter of dropping and adding parties." Both Rules 15 and 21 are to be interpreted liberally under the Federal Rules of Civil Procedure." *Pretty Punch Shoppettes, Inc.*, v. *Creative Wonders, Inc.,* 750 F.Supp. 487, 493 (M.D. Fla. 1990)   "After a responsive pleading has been served, the standards for deciding a motion to amend a complaint to add [or drop] a party are the same under Rule 15 or Rule 21." *Datastrip International Limited, v. Intacta Technologies, Inc.*, 253 F. Sup. 2d 1308, 1318 (N.D.Ga. 2003) *citing*, *Loggerhead Turtle v. County Council of Volusia County*, 148 F.3d 1231, 1255 (11th Cir.1998) and *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Plaintiffs have a good faith belief that Newport Management Corporation directly and materially participated in the force-placement of the Balboa lender placed policy on Plaintiffs' and Class Members' property and other Florida properties by Newport Management Corporation.  Newport apparently is a subservicer who provides insurance tracking and verification services for CHL and on information and belief, identifies and takes actions resulting in the force-placement of Balboa lender placed policies on Florida properties.  It is early in the

9

litigation and as Newport Management Corporation is an affiliate of CHL and Balboa, it likely is already on notice of this litigation. The Court should permit Newport's joinder at this time.

**Local Rule 3.01(g) Certificate**

On May 15, 2008, at 11:18 a.m., Plaintiffs provided Defendants with a copy of the Amended Complaint and sought their consent to the filing the Amended Complaint to avoid the necessity of the Court's determination on this Motion. Defendants' advised they oppose the filing of the Amended Complaint and will not consent thereto.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 15, 2008, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF electronic filing system which will automatically send a copy to all counsel of record in this case registered on the CM/ECF system, including:

> William P. Heller, Esq.
> Michael Linn Duncan, Esq.
> William Patrick Gray, III, Esq.
> Akerman Senterfitt
> Las Olas Centre II
> 350 E. Las Olas Blvd., Suite 1600
> Ft. Lauderdale, Florida 33301-2229
> (954) 463-2700 Ex. 6945
> (Fax) (954) 463-2224

      /s/ Jill H. Bowman_____
      Jill H. Bowman