# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DORIS DRURY, TERRY
KOCHNIARCZYK,**

                    **Plaintiffs,**

**-vs-**                                         **Case No.  6:08-cv-152-Orl-28DAB**

**COUNTRYWIDE HOME LOANS, INC.,
COUNTRYWIDE INSURANCE
SERVICES, INC. and BALBOA
INSURANCE COMPANY,**

                    **Defendants.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. No. 32)**
>
> **FILED:**      **May 15, 2008**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

      Rule 15(a), Fed.R.Civ.P., provides that leave to amend pleadings "shall be freely given when justice so requires." *Id.*; *see also Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("leave to amend must be granted absent a specific, significant reason for denial").  In this Circuit, such leave is "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  Here, Defendants  assert that the proposed amendment, Plaintiffs' first, should be denied as futile.

"The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Bill Salter Advertising, Inc. v. City of Brewton, AL.*, 2007 WL 2409819, 2  (S.D. Ala. 2007) (slip opinion) *citing Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (denial of leave to amend justified by futility when "complaint as amended is still subject to dismissal"); *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss); *Amick v. BM & KM, Inc.*, 275 F.Supp.2d 1378, 1381 (N.D. Ga. 2003) ( "In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss.").

Here, Defendants do not assert that the entirety of the Complaint, as amended, fails to state a *cognizable*  cause of action; rather, Defendants assert that Plaintiffs cause of action fails on the merits; that is, that the Amended Complaint would not survive summary judgment.  Although, in a proper case, the Court can deny a motion to amend as futile on these grounds, *see Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("[l]eave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant"), the Court finds that this is not such a case.

-2-

If allowed, this would be Plaintiffs' first amendment, and thus, well within the liberal policy of "freely given" leave.[1]  Moreover, the case is in its early stages and the proposed amended Complaint adds a new, albeit related, Defendant and purports to "clarify" the nature of the various claims against Defendants.  There is no showing of bad faith or undue delay in seeking to amend, and, while Defendants contend that having to litigate a claim they believe is without merit is "prejudicial," it is no more so than any other defendant experiences when he believes himself to have the better argument.  "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999).  As the Court cannot find on the limited record before it that the proposed Amended Complaint would *necessarily* fail,[2] and as Plaintiffs have not abused the privilege of amendment, the Court **grants** the motion to amend.  As the proposed Amended Complaint contains an obvious typographical error (the newly added Defendant "Newport Management Corporation" is absent from the case style), Plaintiffs are instructed to correct the error and file the Amended Complaint forthwith.

In view of the above, the Court additionally **orders as follows:**

---

[1]Indeed, Rule 15(a)(1) allows for a first amendment "as a matter of course" before being served with a responsive pleading.  While Defendants have responded to the Complaint, thus rendering this subsection of the Rule inapplicable, it does illustrate the generally accepted policy of allowing at least one amendment, if sought, prior to adjudicating on the merits.

[2]In arguing futility, Defendants reassert their motion for summary judgment, which has just recently been filed, but which is not ripe for determination.  As Plaintiffs have not been given leave to file a reply to Defendants' response to the motion to amend, the Court is in the position of being asked to determine the merits of the summary judgment motion, *without the benefit of Plaintiffs' response* to that motion.  The Court declines to do so.

| | |
|---|---|
| **MOTION:** | **MOTION TO STRIKE PLAINTIFFS' DEMAND FOR JURY TRIAL (Doc. No. 13)** |
| **FILED:** | **February 21, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED as moot**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 34)** |
| **FILED:** | **May 15, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED, as moot,** without prejudice to reassertion of any argument contained therein, with respect to the Amended Complaint.

| | |
|---|---|
| **MOTION:** | **FIRST MOTION TO COMPEL (BALBOA INSURANCE) (Doc. No. 26)** |
| **FILED:** | **May 9, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL (COUNTRYWIDE) (Doc. No. 27)** |
| **FILED:** | **May 9, 2008** |

**THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

The discovery disagreements between the parties may well be mooted in view of the different scope of issues as framed by the Amended Complaint. The parties are **directed** to confer, with an eye towards resolving any remaining discovery disputes regarding discovery necessary and appropriate for Plaintiffs to file their motion for class certification based on the Amended Complaint. Unless

notified by the parties that the hearing is no longer necessary, the May 23 hearing will proceed in order to resolve remaining disputes and set a schedule for motions.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record