# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DORIS DRURY, TERRY KOCHNIARCZYK,**

        **Plaintiffs,**

**-vs-**                                                              **Case No. 6:08-cv-152-Orl-28DAB**

**COUNTRYWIDE HOME LOANS, INC., BALBOA INSURANCE COMPANY, and NEWPORT MANAGEMENT CORPORATION,**

        **Defendants.**

_____

## ORDER

This cause came on for consideration with oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. No. 90)** |
| **FILED:** | September 15, 2008 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. Defendants withdrew their opposition at hearing. The Clerk is directed to docket the Second Amended Complaint (attached as an Exhibit to the motion). | |
| **MOTION:** | **MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION OR ALTERNATIVE MOTION TO STAY WHILE A DETERMINATION OF JURISDICTION IS MADE (Doc. No. 91)** |
| **FILED:** | September 25, 2008 |
| **THEREON** it is **ORDERED** that the motion is **DENIED**. | |

As is evident from the papers filed in this case, Plaintiffs have presented a shifting target with respect to the precise identification of the class they wish to represent. For purposes of this motion, the Court looks to the definition of the Class, as alleged in the initial Complaint:[1]

> Plaintiffs bring this action on behalf of all individuals in the State of Florida who have had lender placed insurance put in place by Defendants and have been charged for such insurance when they already had the required casualty insurance in place on their homes. (Allegation 24).

Plaintiffs further alleged that the class consisted "of at least 100 members" (Allegation 38), and sought, among other relief, provision of "adequate procedures and policies for the immediate and complete refund of illegal and unwarranted premiums for force-placed insurance." (Allegation 74).

Defendants filed their removal petition pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), asserting that the Court had jurisdiction in that there was minimal diversity, over 100 class members, and at least five million dollars in damages. At issue now, by motion filed eight months after removal, is whether that assertion is, in fact, supportable.

There is no disagreement on the applicable law. The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc,.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the removing party fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321. These requirements are applicable to actions removed on the basis of CAFA, where a removing defendant must establish that the amount in controversy exceeds five million dollars in aggregate, the citizenship of at least one member of the proposed class is diverse from any defendant, and the class includes 100 or more members. *See, generally, Miedema v. Maytag Corp.,* 450 F.3d 1322, 1329-30 (11th Cir. 2006).

---

[1] Both sides agreed at hearing that the determination of removal jurisdiction is made by reference to the pleadings as they existed at the time of removal.

There is no dispute that diversity (as prescribed in CAFA) is present here and Plaintiffs have acknowledged that the class exceeds 100 members. Plaintiffs do, however, dispute the amount in controversy, asserting that Defendants have not "tailored" their proof to Plaintiff's Class definition and thus, the Affidavit of John Meadows (Doc. No. 1-2 at pp.78-79) filed in support of the petition for removal, "was not even remotely reflective of any Class Plaintiffs have sought to represent."

In his Affidavit, Mr. Meadows averred that he had conducted a review of Defendant Balboa's business records relating to charges for lender-placed hazard insurance on Florida loans during the period between January 1, 2003 and December 31, 2007, and:

> (a) Balboa lender-placed in excess of 100,000 hazard insurance policies on Florida loans, (b) Balboa collected in excess of ten million ($10,000,000.00) dollars in premiums from Florida borrowers for the subject lender-placed hazard insurance policies; and (c) the average premium collected on the subject policies by Balboa was approximately $640 per lender-placed policy.

Plaintiffs complain that this definition "did not exclude fully cancelled policies for which Defendants retained no earned premiums, and that he made no attempt to specifically identify the subset of Florida borrowers who, like Plaintiffs, had lender placed policies imposed where the borrowers already had property insurance policies in place."

The words "excluding fully cancelled policies for which Defendants retained no earned premiums" is not included in Plaintiffs' initial description of the Class. To the extent Plaintiffs complain that the proof of the amount at issue is imprecise, such fault flows from an imprecise class definition in the Complaint. As shown in Mr. Meadow's Supplemental Affidavit (Doc. No. 97-2), however, even if these cancelled and refunded policies are deducted, the damages still likely exceed the jurisdictional amount.

Nor is the Court convinced with respect to the second objection, that Defendants have not identified the subset of borrowers who had lender-placed policies imposed where borrowers "already

-3-

had property insurance policies in place." It is Plaintiffs' theory (or, at least, it was in the first go-round) that lender-placed policies were imposed even though borrowers "already had the *required* casualty insurance in place." (emphasis added). Defendants have contended throughout that a precondition of any lender-placed policy is that the borrowers did *not* have the *required* casualty insurance. Thus, if Plaintiffs are correct, insurance was force-placed *regardless* of borrowers already having insurance and Defendant says it was force-placed *only* when they did not. As the words "required" and "casualty" are not defined, it allows for the broadest interpretation. Such a Class could include borrowers with some casualty insurance but not in the right amount; borrowers with plenty of insurance, but not the 'right' type; borrowers with the right type and the right amount, but with impermissible exclusions or other issues (such as failure to provide proof of the insurance to the lender); and perhaps even borrowers with no casualty insurance at all, under a theory that the casualty insurance was somehow not 'required.' Thus, the Class, as defined by Plaintiffs, was either (potentially) everyone who had force-placed insurance (in which case the Affidavit is sufficient), or, as interpreted by Defendants, the Class included no one -- because a precondition of the placement is lack of *required* coverage. The Court assumes that this paradox was one of the main reasons the definition of the Class has continued to evolve. Regardless, as originally framed by Plaintiffs, the Class was broad enough to arguably include all or certainly most of Defendants' lender-placements. For assessing the amount in controversy, as opposed to any amount actually to be awarded on the merits, this is sufficient. As such, the Court finds it has subject matter jurisdiction. The motion, filed eight eventful months after removal, is **denied.**

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO EXTEND TIME FOR EXTENSION OF CLASS DISCOVERY SCHEDULE (Doc. No. 92)** |
| **FILED:** | **September 29, 2008** |

**THEREON** it is **ORDERED that the motion is GRANTED.**

| | |
|---|---|
| **MOTION:** | **MOTION FOR HEARING AND EXPEDITED CONSIDERATION OF MOTION FOR REMAND (Doc. No. 93)** |
| **FILED:** | **October 2, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED,** in that the Court has held a hearing and issues this opinion on an expedited basis.

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO EXTEND TIME FOR BRIEF EXTENSION OF CLASS SCHEDULE (Doc. No. 94)** |
| **FILED:** | **October 2, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**. The deadline for completion of class discovery shall be October 30, 2008. Plaintiffs' Motion for Class Certification shall be filed no later than November 14, 2008.

No further extensions should be sought absent a showing of extraordinary good cause

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record